IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARDO SANTIAGO, | No. 4:22-CV-01519 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN J. SAGE, | |
| Respondent. | |

MEMORANDUM OPINION

NOVEMBER 28, 2022

Petitioner Edwardo Santiago is currently imprisoned at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania. He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his procedural due process rights were violated at a different federal facility and seeking to have his disciplinary infractions vacated and expunged. Because Santiago failed to exhaust his administrative remedies, the Court must dismiss his Section 2241 petition.

I. BACKGROUND

Santiago is serving a 151-month sentence for unlawful transport of firearms and conspiracy to distribute a controlled substance.[1] On May 30, 2019, Santiago was charged with Possession of a Hazardous Tool, Code 108, for allegedly

---

[1] Doc. 7-1 at 3 ¶ 3.

possessing an illegal cellphone in FCI Fort Dix (incident number 3262136).[2]  A hearing was held before a Discipline Hearing Officer (DHO) on June 5, 2019.[3]  Following the hearing, the DHO found Santiago guilty of the offense and sentenced him to 41 days' loss of good conduct time, 60 days' disciplinary segregation (suspended pending 180 days clear conduct), 365 days' loss of commissary privileges (suspended pending 180 days clear conduct), and 365 days' loss of visitation privileges.[4]

On February 9, 2021, Santiago was charged with Possession of a Hazardous Tool and Unauthorized Contact with the Public, Codes 108 and 327, respectively, for again possessing an illegal cellphone in FCI Fort Dix (incident number 3473226).[5]  A hearing was held before the DHO on February 16, 2021, after which the DHO found Santiago guilty of Possession of a Hazardous Tool and dismissed the Code 327 charge.[6]  Santiago was sanctioned with 41 days' disallowance of good conduct time, loss of phone privileges for 365 days, and a $250.00 fine.[7]

As to incident number 3262136, Santiago appears to have initiated, but not completed, the administrative remedy process.  Santiago appealed the DHO's decision to the institution on August 14, 2019, but that appeal was rejected because

---

[2]  Doc. 7-1 at 13, 17.
[3]  *Id.* at 17.
[4]  *Id.* at 19.
[5]  *Id.* at 26.
[6]  *Id.* at 28.
[7]  *Id.*

it was filed in the wrong forum (as it should have been filed with the Regional Office).[8]  He then filed two remedies (107944-R1 and R2) at the Regional Office in April and May 2021, but those were rejected as unclear.[9]  Santiago filed a third remedy (107944-R3) at the Regional Office on July 9, 2021, but that remedy was rejected because it was untimely.[10]

As to incident number 3473226, Santiago timely appealed to the Regional Office and that appeal was denied on November 8, 2021.[11]  Santiago, however, did not seek review with General Counsel (the final step in the BOP's administrative remedy process).[12]

Santiago filed the instant Section 2241 petition on September 27, 2022.[13]  Respondent filed a response to the petition, and Santiago chose not to file a reply.  Santiago's petition is therefore ripe for disposition.

## II.  DISCUSSION

Santiago contends that his Fifth Amendment procedural due process rights were violated.  He alleges that he was not provided with written notice of his rights or the charges against him at least 24 hours in advance of his hearings before the DHO, in violation of Bureau of Prison (BOP) policy and procedural due process.

---

[8]  *See* Doc. 7-1 at 3-4 ¶ 5.
[9]  *See id.*
[10]  *See id.* at 4 ¶ 5.
[11]  *See id.*
[12]  *See id.*
[13]  *See generally* Doc. 1; *see id.* at 9.

Respondent counters that Santiago's Section 2241 must be denied because he failed to exhaust administrative remedies and because the petition is meritless.

### A.  Failure to Exhaust Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[14]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[15]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[16]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal to the Regional Director, and—ultimately—final appeal to the General Counsel.[17]  In challenges to disciplinary proceedings before a DHO, that administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[18]

---

[14]  *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).
[15]  *Moscato*, 98 F.3d at 761-62 (citations omitted).
[16]  *See generally* 28 C.F.R. §§ 542.10-.19.
[17]  *See id.* §§ 542.13-.15.
[18]  *See id.* §§ 542.14(d)(2), 542.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[19] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[20] Exhaustion is likewise excused when it would be futile.[21]

Santiago concedes that he did not exhaust his administrative remedies.[22] He first contends that exhaustion should be excused because his case presents "a clear violation of due process."[23] The Court cannot agree, as Respondent has provided extensive documentary evidence showing that Santiago received written notice of his rights and the charges five days before the DHO hearings.[24] Although Santiago avers that he did not receive this written notice,[25] that contention merely creates a dispute of fact, not a "clear violation" of his due process rights.

Santiago next argues that the administrative exhaustion requirement "violates the separation of powers, as Congress did not include a[n] exhaustion

---

[19] *See Moscato*, 98 F.3d at 761.
[20] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[21] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[22] *See* Doc. 1 at 2-3; Doc. 1-1 at 2.
[23] Doc. 1-1 at 2.
[24] *See, e.g.*, Doc. 7-1 at 13 (noting that a copy of the incident report was delivered to Santiago on May 30, 2019 at 12:41 p.m.); *id.* at 14 (noting that Santiago was advised of his rights on May 30, 2019, by "B. Solheim"); *id.* at 15-16 (copies of "Notice of Discipline Hearing Before the (DHO)" and "Inmate Rights at Discipline Hearing" forms, which contain notice of the charge and inmate's rights, signed by Santiago and dated May 31, 2019).
[25] *See* Doc. 1-1 at 5.

requirement" in Section 2241.[26]  To the contrary, the exhaustion requirement actually promotes comity between the Executive and Judicial Branches, as federal courts will generally refuse to review (and possibly encroach on) BOP decisions unless the agency has first been given an opportunity to address the petitioner's concerns.[27]

Santiago lastly argues that the exhaustion requirement "serves no legitimate purpose" because the BOP administrative process "is nothing more than a kangaroo court."[28]  The Court obviously does not agree, as the United States Court of Appeals for the Third Circuit has explicitly held otherwise.[29]

Consequently, Santiago cannot skirt the administrative remedy process for his Section 2241 petition.  Santiago has failed to exhaust either disciplinary incident and therefore has procedurally defaulted on those claims.[30]  This Court, consequently, must dismiss his unexhausted petition for lack of jurisdiction.[31]

### B.    Due Process Challenge

Even if Santiago had properly exhausted his due process claims, the Court observes that it is likely meritless.  Inmates retain certain procedural due process

---

[26]  Doc. 1-1 at 2.
[27]  *See Moscato*, 98 F.3d at 761-62 (citations omitted).
[28]  Doc. 1-1 at 2.
[29]  *See Moscato*, 98 F.3d at 761-62 (finding that the exhaustion requirement allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy") (citations omitted).
[30]  *See id.* at 762.
[31]  *See id.*

rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment."[32] *Wolff v. McDonnell* enumerates those protections and requires, at minimum, (1) the right to appear before an impartial decision-making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action.[33]

As noted above, Santiago challenges only the second requirement established by *Wolff v. McDonnell*. But his allegation that he did not receive advance written notice of the charges or of his rights is belied by the record. Respondent has produced authenticated copies of the BOP's "Notice of Discipline Hearing Before the (DHO)" and "Inmate Rights at Discipline Hearing," in which Santiago is given written notice of the charges, the code numbers of the violations, the dates of offense, and the full panoply of prisoners' rights with respect to defending against a disciplinary charge.[34] These documents are signed by Santiago

---

[32] *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).
[33] *Wolff*, 418 U.S. at 563-70 (citations omitted).
[34] *See* Doc. 7-1 at 15-16, 23-24.

7

and dated May 31, 2019, and February 11, 2021—five days before the respective DHO hearings.[35] Santiago does not assert that it is not his signature that appears on these forms, nor does he provide any rebuttal to this documentary evidence beyond averring that "any document indicating" that he received "the appropriate advance written charges[] and rights" is "inaccurate."[36] Accordingly, even if Santiago had properly exhausted his claims, they would likely still fail on the merits.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Santiago's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[35] *See id.*
[36] Doc. 1-1 at 5.